**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 99 CR 555-1 |
| | ) | |
| MILTON DOWELL | ) | Wayne R. Andersen |
| | ) | District Judge |

### MEMORANDUM, OPINION AND ORDER

This case is before the court on Defendant Milton Dowell's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the motion is denied.

### I. Background

On October 1 and 28, 1998, Defendant Milton Dowell twice attempted to purchase cocaine from an undercover agent of the Drug Enforcement Administration. He was subsequently charged by a special grand jury on July 29, 1999 with two counts of knowingly and intentionally attempting to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On December 12, 2002, a jury convicted him on both counts. The court later sentenced him as a career offender under the United States Sentencing Guidelines to incarceration for 360 months.

Dowell appealed his sentence to the United States Court of Appeals for the Seventh Circuit. He raised two issues on appeal: (1) whether the sentencing court used an incorrect standard in denying a motion for a downward departure pursuant to United States Sentencing Guidelines § 5H1.4; and (2) whether, because the Bureau of Prisons does not provide organ transplants, incarcerating him was a violation of his Eighth Amendment right to be free from

cruel and unusual punishment. The Seventh Circuit affirmed the district court's decision on October 27, 2004.

On January 27, 2006, Dowell filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in case 06-cv-0519, raising new issues as to why he believed he was entitled to relief. He argued: (1) the government failed to establish proper jurisdiction when it prosecuted him on an indictment rather than a complaint; (2) he was convicted of an offense not charged in the indictment; and (3) variations on the theme of ineffective assistance of counsel. The district court denied Dowell's petition on January 22, 2006. Dowell appealed this ruling to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit entered an order dated May 7, 2007, denying Dowel's request for a certificate of appealability, stating that the court had "reviewed the final order of the district court and the record on appeal," and they found "no substantial showing of the denial of a constitutional right."

On August 25, 2009, Dowell filed the instant motion, requesting that this Court amend his term of imprisonment and appoint him counsel.

## II. Discussion

We first address the issue of appointment of counsel, and then the issue of modification of the term of imprisonment.

### A. Request for Counsel

There is no statutory or constitutional right to counsel for § 3582(c)(2) motions - "[t]he judge can appoint counsel for a movant, but need not do so." *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). *See also United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 520, 512-13 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995);

*United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995). The decision to appoint an attorney for § 3582(c)(2) motions is left to the discretion of the district court.

There is no indication that Mr. Dowell is incapable of representing himself. Accordingly, his request for appointment of counsel is denied.

### B. Request to Amend the Term of Imprisonment

Dowell's motion seeks relief under 18 U.S.C. § 3582(c)(2) based on "Amendment 9." However, as the government points out, Amendment 9 is not included in the list of Guidelines amendments for which § 3682(c)(2) relief may be granted. *See* Guideline § 1B1.10(c). Therefore, we interpret Dowell's request for relief as a claim under Amendment 706. *See Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005) (holding that we must liberally construe the pleadings of a pro se petitioner).

Dowell attacks his sentence on three grounds: (1) he was sentenced for a crime involving cocaine base, or "crack", and is therefore entitled to a 2-level reduction of the guidelines used for original sentencing; (2) he was incorrectly labeled a "career offender" in his sentencing; and (3) the government agent from whom he attempted to purchase cocaine did not actually possess drugs of any kind. We address each of these issues in turn.

### 1. *Type of Cocaine*

According to the government, "Defendant's motion should be denied for the simple reason that his case did not involve crack, and he was not sentenced pursuant to the portions of Section 2D1.1 altered by Amendment 706." Dowell points to his indictment, which states that he was charged with a crime involving "mixtures of cocaine," and argues that the term "mixtures" refers to cocaine base or crack cocaine.

Regardless of whether or not the term "mixtures" in the indictment refers to "crack," an argument for which Dowell offers no support, the critical fact is that Dowell was not sentenced under the guidelines applicable to cocaine base. Dowell was sentenced pursuant to the 2002 edition of the Guidelines Manual, and was found to have been responsible for 1.25 kilograms of drugs. The following table compares the base offense levels applicable for 1.25 kilograms of cocaine or cocaine base according to the 2002 Guidelines and the 2008 Guidelines:

|  | *November 2002 Edition* | *November 2008 Edition* |
| --- | --- | --- |
| At least 500 G but less than 2 KG of *Cocaine* | Base Offense Level of 26 | Base Offense Level of 26 |
| At least 500 G but less than 1.5 KG of *Cocaine Base* | Base Offense Level of 36 | Base Offense Level of 34 |

During his sentencing, Dowell was assigned a base offense level of 26, which corresponds to the guidelines for regular cocaine, not cocaine base. There has been no change to the portion of the Guidelines under which Dowell was sentenced. Therefore, neither Amendment 706 nor any of the other amendments for which § 3682(c)(2) relief may be granted are applicable to Dowell. According to Guideline § 1B1.10(a)(2)(A), "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments listed in subsection (c) is applicable to the defendant." Accordingly, Dowell is not entitled to a reduction in his sentence on the basis of any amendments relating to cocaine base.

### 2. Career Offender

The government argues that, even if Dowell's sentence were subject to Amendment 706, he would not be eligible for relief because of his status as a career offender. Dowell objects to

his classification as a career offender because of the explanation given in the Pre-Sentence Investigation Report. The Report states, "Since the instant offense involves possession with intent to distribute cocaine and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1." According to Dowell, that statement in the Report was inaccurate, as the instant offense was for *attempt* to possess with intent to distribute cocaine, and therefore did not "involve possession with intent to distribute." Therefore, Dowell claims he is not a career offender.

The Court understands that there is a difference between *attempted* possession and *actual* possession. However, what Dowell fails to recognize is that whether the instant offense was *attempted* possession with intent to distribute or *actual* possession with intent to distribute, the offense "involved," as in "related to," possession with intent to distribute cocaine.

Regardless of the phrasing used by the probation officer in the Report, we need only look to the definition of "career offender." "Career offender" is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

We address each of these elements. First, having been born in 1952, Dowell was well over the age of eighteen in October 1998 when the instant offense occurred. Second, the instant offense of conviction is a felony that is a controlled substance offense, as it deals with cocaine. Third, as discussed in the Report, Dowell had been convicted of conspiracy to possess with the intent to distribute cocaine in the Circuit Court of St. Clair County (sentenced November 21, 1989) and possession with intent to distribute cocaine in Peach County, Georgia Superior Court

5

(sentenced June 20, 1989) prior to the instant offense. This gave him at least two prior felony convictions of a controlled substance offense. All of these elements having been satisfied, Dowell was correctly classified as a career offender. Accordingly, the original guideline calculation incorporating Dowell's career offender status was correct, and Dowell is not eligible for relief under Amendment 706. *See United States v. Forman*, 553 F.3d 585, 589-90 (7th Cir. 2009) ("[Defendant] cannot prevail in his pursuit of a lesser sentence because Amendment 706 provides no benefit to career offenders.").

### 3. *Absence of Actual Drugs*

In Dowell's final attack on his sentence, he argues that the government agent from whom he attempted to purchase cocaine possessed no real quantity of drugs of any kind. Dowell claims that, as a result of this fact, he should not have received a base offense level of 26, nor a 2D.1 enhancement. However, this fact does not affect Dowell's base offense level or any "2D.1 enhancement." It seems to the Court that Dowell is essentially trying to invoke the defense of factual impossibility, arguing that since no actual drugs were available for purchase, no actual crime could have been committed.

It is a well-established principle that "factual impossibility or mistake of fact is not a defense to an attempt charge." *United States v. Cote*, 504 F.3d 682, 687 (7th Cir. 2007). "Futile attempts because of factual impossibility are attempts still the same." *United States v. Cotts*, 14 F.3d 300, 307 (7th Cir. 1994). In order to obtain a conviction for a charge of attempt, the government must prove that a defendant "acted with the specific intent to commit the underlying crime and that he took a substantial step towards completion of the offense." *Cote*, 504 F.3d at 687. That Dowell could not have actually purchased any quantity of drugs is irrelevant to his conviction as well as his sentence.

**CONCLUSION**

For the foregoing reasons, Defendant Milton Dowell's motion to modify the term of his imprisonment, pursuant to 18 U.S.C. § 3582(c)(2), is denied. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: November 23, 2009